**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff, on behalf of himself and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

————————————————————X
:
KARTHIKEYAN RAJU, on behalf of himself and  :
all other similarly situated,                :
                                             :
        Plaintiff,                           : Civil Action No.
                                             :
vs.                                          : **CLASS ACTION COMPLAINT AND**
                                             : **JURY TRIAL DEMAND**
TENAGLIA & HUNT, P.A.,                       :
                                             :
        Defendant.                           :
                                             :
                                             :
————————————————————X

Plaintiff KARTHIKEYAN RAJU, on behalf of himself and all others similarly situated (hereinafter "Plaintiff"), by and through his undersigned attorney, alleges against the above-named Defendant TENAGLIA & HUNT, P.A., its employees, agents, and successors, the following:

### PRELIMINARY STATEMENT

1.    Plaintiff brings this action for actual and statutory damages and declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. §

1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b) because jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this jurisdiction.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5. Plaintiff demands a jury trial on all issues.

## PARTIES

6. Plaintiff is a natural person and resident of the State of New Jersey.

7. TENAGLIA & HUNT, P.A. ("TENAGLIA & HUNT" or "Defendant") is a New Jersey Professional Corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts owed or due or asserted to be owed or due another. In fact, Defendant was acting as a debt collector, as

that term is defined in the FDCPA, as to the defaulted consumer debt it attempted to collect from Plaintiff.

## CLASS ACTION ALLEGATIONS

8. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who have received debt collection letters and/or notices from Defendant which are in violation of the FDCPA, as described in this Complaint.

9. This Action is properly maintained as a class action. The Class consists of:

- All New Jersey consumers who were sent letters and/or notices from Defendant concerning a debt which contained the same or substantially similar language:

> If you dispute the debt in writing, or if you request proof of the debt or the name and address of the original creditor within the thirty (30) day time period that begins upon receipt of this letter, the law requires me to stop our collection efforts (through litigation or otherwise) to collect the debt until we mail the requested information to you.

- The Class period begins one year prior to the filing of this Action.

10. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or

3

notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether Defendant violated various provisions of the FDCPA, including, but not limited to: 15 U.S.C. §§1692e, 1692f, and 1692g;

    b. Whether the Defendant sent a collection letter that misstated the law;

    c. Whether Plaintiff and the Class have been injured by the Defendant's conduct;

    d. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

      e.   Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If the Defendant's conduct is allowed to proceed

    without remedy it will continue to reap and retain the proceeds of its

    ill-gotten gains;

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

11. Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

12. Prior to December 12, 2016 Plaintiff allegedly incurred a financial obligation to Bank of America, N.A. ("Bank of America") based upon purchases made on a consumer credit card.

13. The Bank of America obligation ("Obligation") arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

14. The alleged Bank of America obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

15. Bank of America is a "creditor" as defined by 15 U.S.C. § 1692a(4).

16. At some time prior to December 12, 2016, the Bank of America obligation became past due.

17. At some time prior to December 12, 2016, Bank of America transferred or assigned the Obligation to Defendant for collection.

18. On or about December 12, 2016, Defendant sent Plaintiff a collection

letter with respect to the Obligation. See, attached Exhibit A.

19. The December 12, 2016 letter was a "communication" as defined by 15 U.S.C. §1692a(2).

20. The December 12, 2016 collection letter contained the following language ("Debt Dispute Language"):

> If you dispute the debt in writing, or if you request proof of the debt or the name and address of the original creditor within the thirty (30) day time period that begins upon receipt of this letter, the law requires me to stop our collection efforts (through litigation or otherwise) to collect the debt until we mail the requested information to you.

21. Thus, the Debt Dispute Language states, "the law requires" Defendant to stop collection efforts if: (a) Plaintiff disputes the debt in writing; **or** (b) requests proof the debt or the name and address of the original creditor within the thirty (30) day time period.

22. In contrast, section 1692g(b) of the FDCPA provides:

> (b) Disputed debts
>
> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. . . .

23. According to the Debt Dispute Language, the least sophisticated consumer would be lead to believe that under the law that Defendant would have to stop collection efforts, by simply disputing the debt, **at any time**, irrespective of whether or not the dispute was made within the 30 day period as required by section 1692g(b).

7

24. Similarly, according to the the Debt Dispute Language, the least sophisticated consumer would be lead to believe that under the law that Defendant would have to stop collection efforts if the consumer requested proof of the debt or the name and address of the original creditor within the thirty (30) day time period, even if the request was **not in writing**, as required by section 1692g(b).

25. Thus, the Debt Dispute Language is not an accurate statement of section 1692g(b) and is a false, deceptive and misleading representation.

26. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of Defendant.

27. Plaintiff suffered actual harm by being the target of Defendant's misleading debt collection communications.

28. Defendant violated Plaintiff's rights not to be the target of misleading debt collection communications.

29. Defendant violated Plaintiff's right to a truthful and fair debt collection process.

30. Under the FDCPA, Plaintiff had the right to receive certain information from Defendant.

31. Plaintiff had the right to receive from Defendant accurate information as what the law is, if Defendant is going to make such representation.

32. Defendant's collection letter caused Plaintiff a concrete injury in that Plaintiff was deprived of his right to receive accurate statement of the law.

33. Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection

efforts.

34. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff of his right to enjoy these benefits.

35. As a result of Defendant's conduct, Plaintiff suffered an actual, concrete injury as a result of Defendant's failure to provide Plaintiff information required under the FDCPA.

36. The failure of Defendant to provide this information impeded Plaintiff's ability to make a well-reasoned decision.

37. Defendant's failure to provide accurate information injured Plaintiff in that it impacted his ability to decide on how to proceed with respect to the matter – will he hire an attorney, represent herself, payoff the debt, engage in a payment plan, file for bankruptcy, etc.

38. The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose his response.

39. Based upon information and belief, within the last year, Defendant sent collection letters to at least 40 New Jersey consumers that included the Debt Dispute Language or substantially similar language.

## COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 VIOLATIONS

40. Plaintiff repeats the allegations contained in paragraphs 1 through 39 as if the same were set forth at length.

41. Defendant violated 15 U.S.C. §1692 et seq. of the FDCPA in connection with his collection attempts against Plaintiff and others similarly situated.

42. By sending collection letters, the same as or substantially similar to the December 12, 2016 letter, which contained an incorrect statement of the law regarding disputed debts, Defendant violated several provisions of the FDCPA, including, but not limited to:

A. 15 U.S.C. §1692e, by using a false, deceptive or misleading representation or means in connection with the collection of any debt;

B. 15 U.S.C. §1692e(10), by using any false representation or deceptive means to collect or attempt to collect any debt;

C. 15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect any debt; or,

D. 15 U.S.C. §1692g(b), by improperly citing the debt dispute language;

**WHEREFORE**, Plaintiff, on behalf of herself and others similarly situated, demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class maximum statutory damages;

(c) Awarding Plaintiff and the Class actual damages

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest;

(f) Awarding reasonable attorneys' fees, costs and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: Rutherford, New Jersey
December 12, 2017

Respectfully submitted,

By: s/ Lawrence C. Hersh
Lawrence C. Hersh, Esq.
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff*

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: December 12, 2017          By: s/ Lawrence C. Hersh
Lawrence C. Hersh, Esq

EXHIBIT A

**TENAGLIA & HUNT**
Law. Differently.

*Please send all mail to our New Jersey address*

395 West Passaic Street | Suite 205
Rochelle Park, New Jersey 07662
201.820.6001 Main | 201.226.0795 Fax
201.820.6011 TTY | 866.723.0578 Toll Free
www.tenagliahunt.com
www.tenagliahunt.com

December 12, 2016

Karthikeyan Raju

Creditor: Bank of America, N.A.
Account number ending: 2422
Firm account number

Dear Karthikeyan Raju:

Our law firm is outside counsel to Bank of America, N.A., and has been asked to contact you regarding the unpaid balance on the above referenced account (the "Account"). Your current unpaid balance is

Bank of America, N.A. has a range of payment options that may be available to assist you. Our law firm is committed to working with you to try to identify a solution to resolve your balance. If you have any questions or wish to discuss payment arrangements, please call our firm toll free at (866) 723-0578, Extension 120 to speak with Charles Hall Jr..

Please make all payments payable to Bank of America, N.A. Payments may be mailed to our law firm at 395 W Passaic St. Ste 205, Rochelle Park, NJ 07662.

Unless, within thirty (30) days after receipt of this notice, you dispute the validity of the debt or any portion thereof, we will assume the debt to be valid. If, within thirty (30) days of your receipt of this notice, you notify us in writing that the debt or any portion thereof is disputed, we will obtain a verification of the debt or, if the debt is founded upon a judgment, a copy of the judgment, and we will mail to you a copy of such verification or judgment. If the original creditor is different from the creditor named above, then upon your written request within thirty (30) days of the receipt of this notice, we will provide you with the name and address of the original creditor.

If you dispute the debt in writing, or if you request proof of the debt or the name and address of the original creditor within the thirty (30) day time period that begins upon receipt of this letter, the law requires me to stop our collection efforts (through litigation or otherwise) to collect the debt until we mail the requested information to you.

Very truly yours,
TENAGLIA & HUNT, P.A.

Marie Tenaglia Fritz, Esq

Important Notice: This is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose. This account is issued and administered by Bank of America, N.A., successor in interest to FIA Card Services, N.A.